IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 (Subchapter V) |
| | § | |
| 6 TO 9 DENTAL TEXAS, PLLC, | § | Case No. 23-51139-CAG |
| 6 TO 9 DENTAL, PLLC, | § | Case No. 23-51139-CAG |
| | § | |
| Debtors. | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION
FOR AUTHORITY TO PAY PREPETITION WORKER COMPENSATION**

**COME NOW** 6 to 9 Dental Texas, PLLC ("**DTP**") and 6 to 9 Dental, PLLC ("**DP**") (collectively, the "Debtors"), debtors-in-possession in the above-captioned cases, and file this their *Debtors' Emergency Motion For Authority To Pay Prepetition Worker Compensation* (the "Motion") and would respectfully show unto the Court as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 363 and 507, and the District Court's Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are §§ 105, 363, and 1107(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2015 and 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**FACTUAL AND PROCEDURAL BACKGROUND**

4. On August 29, 2023 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code initiating the above-captioned bankruptcy cases (the "**Bankruptcy Cases**").

**MOTION TO PAY COMPENSATION** 1

5. The Debtors are operating their business and managing their property as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Bankruptcy Cases, and no committee has been appointed or designated.

6. Debtors are in the business of owning and operating dental services businesses in the Western District of Texas area, in two locations: San Antonio (owned and operated by debtor DTP) and New Braunfels (owned and operated by debtor DP). Debtors utilize a combination of employees and independent contractors to operate their businesses (collectively, the "**Workers**"), consisting primarily of dentists, dental assistants, a general manager, and additional support staff.

7. Debtors' Workers work and are paid on 2-week cycles. Payment of compensation occurs 1 week after the end of each 2-week work cycle (e.g., if a work period runs from the 1st of the month to the 14th of the month, payment of compensation to the workers would be made on the 21st of the month). The last full work cycle for the Workers ended on August 25, 2023, and under normal circumstances, payment would thus occur on September 1, 2023. However, because Debtors filed the above-captioned bankruptcy cases after such compensation was earned but before it was paid, such amounts are considered pre-petition compensation. Moreover, because Debtors filed the above-captioned case on August 29, 2023, which was in the middle of a 2-week work cycle, a portion of the compensation which would normally be paid on September 15, 2023 is also pre-petition compensation as well. The particulars of these debts and the actual amounts owed will be described in more detail in a supplemental exhibit to be filed with the Court prior to the hearing on this Motion.

8. It has also come to Debtors' attention that in at least one instance (and additional instances may be later identified) there was a delay in the clearing/cashing of the paycheck of a

**MOTION TO PAY COMPENSATION** 2

Worker from the last round of pre-petition paychecks that were paid to Workers, which would necessitate authorization to allow that paycheck to clear. The Debtors request that they be authorized to satisfy those obligations as well in accordance with the guidelines described below.

9. Because not paying the Debtors' Workers their earned compensation would likely result in the loss of Workers, and because maintaining Workers is critical to the ongoing operations of Debtors' businesses and the success of the Debtors' bankruptcy cases, Debtors now file this Motion, seeking authority from the Court to pay their Workers such pre-petition compensation amounts (the "**Prepetition Worker Obligations**") as detailed herein and in the attached exhibits.

## LAW AND ARGUMENT

10. As stated above, Debtors are seeking emergency authority to pay their Workers compensation amounts for work done which were earned pre-petition but were not yet paid as of the petition date.

### Court's Authority Under The Bankruptcy Code To Authorize Payments

11. Bankruptcy Courts across the Fifth Circuit recognize that this Court has the ability to authorize the payment of such amounts.[1] In fact, the authorization of payment of such pre-petition compensation amounts is such a common occurrence that this Court's local rules recognize and address it directly.[2]

12. As the above-cited caselaw recognizes, this Court's ability to authorize the payment of pre-petition compensation is grounded in several statutory provisions of the Bankruptcy Code.

---

[1] See, e.g., *In re University General Hospital System, Inc.*, No. 15-31086-H3-11 (Bankr. S.D. Tex. Mar. 31, 2015); *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re CEI Roofing, Inc.*, 315 B.R. 50, 53-57 (Bankr. N.D. Tex. 2007)(discussing the CoServ opinion and adopting its reasoning); *In re All Trac Transp., Inc.*, 306 B.R. 859, 876 (Bankr. N.D. Tex. 2004)(same).

[2] See, e.g., Exhibit B to the Local Court Rules Of The United States Bankruptcy Court For The Western District Of Texas.

**MOTION TO PAY COMPENSATION** 3

13. The starting point of such authority is § 105(a) of the Bankruptcy Code, the purpose of which is to "assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction" and which permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" when such authority is exercised in a manner that is consistent with the rest of the provisions Bankruptcy Code.[3]

14. The use of § 105(a) to authorize the relief sought here is consistent with the other provisions of the Bankruptcy Code for multiple reasons, including because such amounts are already entitled to priority treatment under § 507(a)(4) of the Bankruptcy Code, which gives priority to "wages, salaries, or commissions, including vacation, severance, and sick leave pay."[4] In addition, it is also consistent with the Bankruptcy Code because §§ 1107(a) and 1106 (which are applicable here because Debtors' cases are Chapter 11 cases) provide that a debtor-in-possession (as Debtors are here) shall perform all the functions and duties required under the Bankruptcy Code, which includes "the duty to protect and preserve the estate, including an operating business's going-concern value" which, as covered herein, includes payment of the Prepetition Worker Obligations.[5] Furthermore, it is also consistent with the provisions of the Bankruptcy Code because as established by case law a debtor may make pay certain prepetition

---

[3] COLLIER ON BANKRUPTCY ¶ 105.01; *In re University General Hospital System, Inc.*, No. 15-31086-H3-11 (Bankr. S.D. Tex. Mar. 31, 2015)(discussing use of Section 105 in this manner) quoting *In re Oxford Mgmt., Inc.*, 4 F.3d 1329 (5th Cir. 1993).

[4] 11 U.S.C. § 507(a)(4)(A); *In re University General Hospital System, Inc.*, No. 15-31086-H3-11 (Bankr. S.D. Tex. Mar. 31, 2015)("courts have carved out narrow exceptions to the general rule that prepetition claims should not be paid prior to confirmation of a plan. It may be proper to pay prepetition wages entitled to priority under Section 507(a)(4) of the Bankruptcy Code, based on "the presence of a legal or factual inevitability of payment." In re Equalnet Communications Corp., 258 B.R. 368 (Bankr. S.D. Tex. 2000). Section 507(a)(4)(A) of the Bankruptcy Code grants fourth priority to claims to the extent of $12,475 for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual." 11 U.S.C. § 507(a)(4)(A).").

[5] *In re CoServ*, 273 B.R. at 497.

**MOTION TO PAY COMPENSATION** 4

claims in the performance of the debtor's fiduciary duty to preserve the estate and the business's going-concern value.[6]

### The Doctrine of Necessity Test

15. In order to aid them in determining whether to authorize the payment of pre-petition compensation amounts, Courts have developed the "Doctrine of Necessity" test (also known as the "**Necessity of Payment Rule**").[7]

16. Generally, the Doctrine of Necessity provides that a debtor may pay prepetition obligations if such payments are critical to the debtor's reorganization, which is determined by an examination of the following three factors: (1) the debtor must deal with the claimant; (2) a failure to deal with the claimant risks probable harm or eliminates an economic advantage disproportionate to the amount of the claim; and (3) there is no practical or legal alternative to payment of the claim.[8]

17. In this case, all three factors are met.

18. First, the Debtors must deal with this particular group of claimants (i.e., the Workers). As covered above, pre-petition wages are granted priority status under § 507(a)(4) and thus any successful reorganization would require paying these claimants anyways.

19. Second, the Debtors' failure to deal with these particular claimants risks probable harm or eliminates an economic advantage disproportionate to the amount of the claim. The reason for this is simple: at the core of any employer/employee relationship is the simple concept of "the employee works and in return the employer pays money for that work." A breach of this basic

---

[6] See *In re CoServ*, 273 B.R. at 497 (noting that "it is only logical that the bankruptcy court be able to use section 105(a) of the Code to authorize satisfaction of a prepetition claim in aid of preservation or enhancement of the estate").
[7] See *In re Just for Feet, Inc.*, 242 B.R. 821, 825-26 (D. Del. 1999) (developing and discussing the doctrine); In re CoServ, 273 B.R. at 491-93 (discussing the doctrine).
[8] *In re CoServ*, 273 B.R. at 498.

**MOTION TO PAY COMPENSATION** 5

concept by the Debtors will cause a breakdown in Debtors' relationships with their Workers and will likely cause Workers to quit; workers don't stick around to work if they're not going to be paid. And as covered above, because this case may likely involve the sale of one of the Debtors' businesses, the risk of not paying these employees to the creditors is disproportionate to the amount of the Workers' compensation claims. Moreover, the Debtors' inability to pay the outstanding Prepetition Worker Obligations will cause employees to endure significant stress, hardship, and suffering. The effect of this disruption in employee morale will likely cause significant disruption to run throughout the enterprise. Many employees live paycheck to paycheck and rely exclusively on receiving their full compensation to pay their daily living expenses. If Workers quit their jobs with Debtors for failure to receive the compensation for work performed, the Debtors' ability to maintain and preserve the value of their estates may be forever lost.

20. Moreover, there is no practical or legal alternative to payment of these claims. The Debtors' business cannot be run without workers, and as covered above, the concept is simple: workers work for payment, and will not work without payment. Moreover, as covered above, § 507(a) of the Bankruptcy Code provides that the Prepetition Worker Obligations are afforded priority distribution.

21. Accordingly, because all three factors are present, payment of the Prepetition Worker Obligations is critical to the Debtors' reorganization, and thus the Court should authorize the payment of these pre-petition compensation amounts.

22. Further, because, as described above, there is the potential that one or more pre-petition paychecks did not clear the bank prior to the filing of the above-captioned cases, the Debtors are also requesting that the Court authorize a "buffer" amount of up to $15,000.00 in total to allow such paychecks to clear.

23. The Debtors' employees are an essential component of a successful reorganization. Any deterioration in employee morale and welfare at this critical time undoubtedly would have a devastating impact on the Debtors, the value of their assets and businesses, and ultimately, the Debtors' ability to reorganize. Accordingly, the relief sought hereby is in the best interests of the Debtors' estate and creditors and will allow the Debtors to continue to operate their businesses with minimal disruption and proceed with the important task of stabilizing their operations.

24. Finally, the Debtors withhold certain amounts from the Workers' paychecks to satisfy various payroll taxes and related withholding obligations. These funds are withheld from employee payments but are not property of the Debtors' estates. The Debtors also seek permission from the Court to turn these withheld amounts over to the proper authorities.

**WHEREFORE, PREMISES CONSIDERED**, Debtors request that the Court authorize the payment of pre-petition compensation amounts as detailed herein, and grant Debtors such other and further relief, both at law and in equity, to which Debtors may show themselves to be justly entitled.

Dated: August 30, 2023

Respectfully submitted,

**ROSS, SMITH & BINFORD, PC**

By: */s/ Jason Binford*
Jason Binford
State Bar No. 24045499
Email: jason.binford@rsbfirm.com
2003 N. Lamar Blvd., Suite 100
Austin, TX 78705
Telephone: 512-351-4778
Facsimile: 214-377-9409

**PROPOSED COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on August 30, 2023, he spoke with James Rose, the trial attorney for the United States Trustee regarding the above motion. Mr. Rose stated that he did not currently have a position on the Motion.

          */s/ Jason Binford*
          Jason Binford

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 30, 2023, he caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas and by first-class U.S. Mail to the parties on the attached service list.

          */s/ Jason Binford*
          Jason Binford