

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 05, 2023.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 6 TO 9 DENTAL TEXAS, PLLC, | § | LEAD CASE NO. 23-51139-CAG |
| | § | |
| 6 TO 9 DENTAL, PLLC | § | SECOND CASE NO. 23-51140-CAG |
| | § | |
| Jointly Administered Debtors. | § | Chapter 11 (Subchapter V) |
| | § | (Jointly Administered Under |
| | § |  23-51139-CAG) |

### FIRST INTERIM ORDER GRANTING DEBTORS' MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL AND GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors-in-possession (together, the "**Debtors**") for the entry of an order (this "**Order**") authorizing the interim use of Cash Collateral; and the Court having jurisdiction over this matter

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

**INTERIM CASH COLLATERAL ORDER**                                      **PAGE 1**

pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtors are authorized to use any Cash Collateral, in accordance with the Budget attached to this order as **Exhibit A**.

3.      Any creditor with a valid, perfected, and enforceable security interest in the Debtors' Cash Collateral as of the Petition Date (such creditors, the "**Secured Creditors**") is granted a Replacement Lien pursuant to Bankruptcy Code § 361(2), solely to the extent the Cash Collateral is used, in all cash or cash collateral the Debtors acquire or generate after the Petition Date, but solely to the same extent and priority as existed pre-petition and subject to a determination by the Court that any applicable creditor held a fully perfected, enforceable, pre-petition lien on Cash Collateral as of the Petition Date.

4.      The Replacement Liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtors or the proceeds of the recovery upon such actions.

5.      The Replacement Liens will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any creditor's collateral based on Bankruptcy Code § 506(c).

6.      Subject to the limiting conditions on the Replacement Liens, the Replacement Liens shall be binding upon any subsequently appointed Chapter 11 or Chapter 7 trustee.

7.      The Debtors are authorized : (i) to exceed any line item on the Budget by an amount equal to ten percent (10%) of each such line item; or (ii) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total Budget.

8.      The Debtors may not amend or modify the terms and conditions of its use of the Cash Collateral, or amend, modify, roll-forward or replace the Budget absent further order of this Court.

9.      The Secured Creditors are hereby granted an administrative claim with a priority equivalent to a claim under Bankruptcy Code §§ 503(b), and 507(b), on a dollar-for-dollar basis for and solely to the extent of any diminution in value of the Cash Collateral, which administrative claim shall, among other things, have priority over all other costs and expenses, except for reasonable compensation of Debtors' professionals approved by order of the Court.

10.     This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtors or their estates and is not and shall not be construed as determinative as to the extent, priority, or amount of any secured claim associated with such lien.

11.     This Order is without prejudice to the Debtors or any other party's right to challenge the extent, validity, or priority of any lien or claim of any alleged Secured Creditor, and it is

likewise without prejudice to the right of any Secured Creditor to seek additional adequate protection or other relief concerning cash collateral by subsequent motion or relief from the automatic stay.

12.     Any provisions in any final order on the use of Cash Collateral shall not affect any protections afforded to the Secured Creditors in this Order.

13.     Except as expressly amended hereby, this Order shall not affect any of the loan documents between the Debtors and any Secured Creditor, which loan documents shall remain in full force and effect.

14.     The parties reserve all rights that may be available to them under the Bankruptcy Code, the laws of any state and equity. Nothing herein shall be construed to constitute a waiver or release of any right, whether known or unknown.

15.     The protections provided herein to the Secured Creditors are hereby deemed, on an interim basis, to constitute adequate protection of such Secured Creditors' interests in the Cash Collateral.

16.     Any amendment, modification, supplement or waiver of any provision in this Interim Order shall be in writing and approved by the Court on appropriate notice by the Debtors.

17.     The authorization for use of Cash Collateral under this Interim Order shall be in effect for the period of September 1st through October 2, 2023, subject to being renewed or extended by order of the Court after notice and hearing.

18.     A final hearing on this matter shall be held on October 2, 2023 at 10:30 a.m. prevailing Central time before the Honorable Chief Judge Craig A. Gargotta, United States Bankruptcy Court for Western District of Texas, San Antonio Division, Courtroom 3, Hipolito F. Garcia Federal Building & United States Courthouse, 615 E. Houston St., San Antonio, Texas

78205. The deadline to object to the Motion is September 27, 2023. The Debtors shall submit a proposed Final Order and proposed final budget, under a notice of coversheet by September 22, 2023.

19.     The Debtors shall serve this Interim Order on all parties required under Bankruptcy Rule 4001(d)(1)(C) or, if applicable, in accordance with any other order of this Court limiting notice and providing related procedures and file a certificate of service with the Court.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Prepared and submitted by:

*/s/ Jason Binford*
Jason Binford
State Bar No. 24045499
**Ross, Smith & Binford, PC**
2003 N. Lamar Blvd., Suite 100
Austin, TX 78705
Telephone: 512-351-4778
Facsimile: 214-377-9409
Email: jason.binford@rsbfirm.com

**PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION**

# EXHIBIT A

**CASH COLLATERAL BUDGET FOR 6 to 9 DENTAL TEXAS, PLLC**

| Category | Amount | Notes |
|---|---|---|
| **INCOME** | | |
| Estimated Revenue | 200,000 | |
| **TOTAL REVENUE:** | 200,000 | |
| | | |
| **EXPENSES** | | |
| Rent | 7,400.00 | *Includes regular water costs |
| Utilities | 900.00 | |
| Adequate Assurance Deposits | 800.00 | *This is a one-time funding of the utility deposit account. |
| Water (Distilled) | 300.00 | *For dental procedures/equipment use |
| Internet | 550.00 | |
| IT Repair | 450.00 | |
| Equipment Repair | 500.00 | |
| Payroll (Hourly/Commission) | 127,000.00 | *Varies but monthly average has been $75,750 for all staff and dentists (for two payroll Fridays); September has three payroll Fridays |
| Salary (Humphrey) | 15,000.00 | *Temporary reduced amount, management and dental services |
| Payroll Fees (Gusto) | 200.00 | |
| Temporary Labor | 2,000.00 | |
| Professional Fees | 2,000.00 | *Possible financial advisor expense |
| Employee Meals | 400.00 | |
| Employee Medical | 200.00 | *First aid supplies and limited medical expenses for employees |
| Implants | 3,000.00 | |
| Materials (Dental) | 4,000.00 | |
| General Supplies and Subscriptions | 2,225.00 | *Including both office and dental service supplies |
| Lab Fees | 7,000.00 | *For crowns, bridges, and similar items |
| Uniforms | 500.00 | |
| Henry Schein | 135.00 | *Software and claims processing |
| Virtual Front | 379.00 | *Client communications platform |
| Equipment | 0.00 | *Purchase of replacement sensor equipment (one-time expense) in the near future is expected |
| Dental Association and Similar Dues | 250.00 | |
| Insurance | 0.00 | *Not due in September but will be in future months |
| Waste (Dental) | 125.00 | |
| Janitorial | 300.00 | |
| Marketing and Advertising | 1,300.00 | *For staff recruitment and business ads |
| Web Host | 100.00 | |
| Merchant Processing Charges | 2,500.00 | |
| Postage | 800.00 | |
| First Savings Bank | 1,991.75 | *Paid to current owner of loan |
| Amegy Bank/Practice Pathways/Zion | 10,099.16 | *Paid to current owner of loan |
| Bay First Financial - Loan 1 | 2,151.00 | *Paid to current owner of loan |
| Bay First Financial - Loan 2 | 2,058.00 | *Paid to current owner of loan |
| **TOTAL EXPENSES:** | 196,613.91 | |

**NET OPERATING INCOME:**          3,386.09

**CASH COLLATERAL BUDGET FOR 6 to 9 DENTAL, PLLC**

| Category | Amount | Notes |
|---|---|---|
| **INCOME** | | |
| Estimated Revenue | 12,000 | |
| **TOTAL REVENUE:** | | |
| | | |
| **EXPENSES** | | |
| Rent | 7,158.61 | |
| Utilities | 675.00 | |
| Live Oak Bank | 10,933.15 | |
| First Home Bank | 1,326.83 | |
| Lab | 1,200.00 | |
| Internet | 115.00 | |
| Supplies | 1,800.00 | |
| Merchant Processing Fees | 100.00 | |
| Professional Fees | 1,000.00 | *Possible financial advisor expense |
| **TOTAL EXPENSES:** | **24,308.59** | |

**NET OPERATING INCOME:**          **-12,308.59**