

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 03, 2023.**

_____
CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| 6 TO 9 DENTAL TEXAS, PLLC, | § § | LEAD CASE NO. 23-51139-CAG |
| 6 TO 9 DENTAL, PLLC | § § | SECOND CASE NO. 23-51140-CAG |
| Jointly Administered Debtors. | § § § | Chapter 11 (Subchapter V) (Jointly Administered Under 23-51139-CAG) |

**FINAL ORDER GRANTING DEBTORS' MOTION FOR AUTHORITY TO USE
CASH COLLATERAL AND GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (together, the "Debtors") for the entry of an order (this "Order") authorizing the use of Cash Collateral on an interim and then final basis; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to use any Cash Collateral, in accordance with the Budget attached to this order as **Exhibit A**.[2]

3. Any creditor with a valid, perfected, and enforceable security interest in the Debtors' Cash Collateral as of the Petition Date (such creditors, the "**Secured Creditors**") is granted a Replacement Lien pursuant to Bankruptcy Code § 361(2), solely to the extent the Cash Collateral is used, in all cash or cash collateral the Debtors acquire or generate after the Petition Date, but solely to the same extent and priority as existed pre-petition and subject to a determination by the Court that any applicable creditor held a fully perfected, enforceable, pre-petition lien on Cash Collateral as of the Petition Date.

---

[2] All entries on the Budget are portrayed on a "cash" basis, meaning that the amounts indicated represent estimated expenditures that will be made during the calendar months indicated. Reasonable delays in payments for one month (e.g. based on a delay in a creditor depositing a check or in supplying an invoice) may be made in the following month but still be applied to the month in which such payment was allocated and intended to be made for the purposes of the calculations set forth in this Order.

4. The Replacement Liens will not attach to Bankruptcy Code Chapter 5 causes of action of the Debtors or the proceeds of the recovery upon such actions.

5. The Replacement Liens will not apply to any reduction in cash value caused from the payment of an expense that is later surcharged against any creditor's collateral based on Bankruptcy Code § 506(c).

6. Subject to the limiting conditions on the Replacement Liens, the Replacement Liens shall be binding upon any subsequently appointed Chapter 11 or Chapter 7 trustee.

7. The Debtors are authorized: (i) to exceed any line item on the Budget by an amount equal to ten percent (10%) of each such line item; or (ii) to exceed any line item by more than ten percent (10%) so long as the total of all amounts in excess of all line items for the Budget do not exceed ten percent (10%) in the aggregate of the total Budget.

8. The Debtors may not amend or modify the terms and conditions of their use of the Cash Collateral, or amend, modify, roll-forward or replace the Budget, without an order of the Court. Notwithstanding the foregoing, the Debtors are permitted to duplicate the Budget provided with respect to the month of December 2023 to serve as the Budget for up to three subsequent months if so designated by the Debtors. If so designated, the Debtors shall file a notice of such extension of the period covered by the Budget. In such instance, the duplicated Budget for any such subsequent month will be treated as if it was included on the Exhibit A for the purposes of this Order.

9. The Secured Creditors are hereby granted an administrative claim with a priority equivalent to a claim under Bankruptcy Code §§ 503(b), and 507(b), on a dollar-for-dollar basis for and solely to the extent of any diminution in value of the Cash Collateral, which administrative

claim shall, among other things, have priority over all other costs and expenses, except for reasonable compensation of Debtors' professionals approved by order of the Court.

10. This Order is not and shall not be construed as determinative as to whether or not any creditor has a valid lien on any property of the Debtors or their estates and is not and shall not be construed as determinative as to the extent, priority or amount of any secured claim associated with such lien.

11. This Order is without prejudice to the Debtors' or any other party's right to challenge the extent, validity, or priority of any lien or claim of any alleged Secured Creditor, and it is likewise without prejudice to the right of any Secured Creditor to seek additional adequate protection or other relief concerning cash collateral by subsequent motion or relief from the automatic stay.

12. Any provisions in any final order on the use of Cash Collateral shall not affect any protections afforded to the Secured Creditors in this Order.

13. Except as expressly amended hereby, this Order shall not affect any of the loan documents between the Debtors and any Secured Creditor, which loan documents shall remain in full force and effect.

14. The parties reserve all rights that may be available to them under the Bankruptcy Code, the laws of any state and equity. Nothing herein shall be construed to constitute a waiver or release of any right, whether known or unknown.

15. The protections provided herein to the Secured Creditors are hereby deemed to constitute adequate protection of such Secured Creditors' interests in the Cash Collateral.

16. Any amendment, modification, supplement, or waiver of any provision in this Order shall be in writing and approved by the Court on appropriate notice by the Debtors.

17. The Debtors shall serve this Order on all parties required under Bankruptcy Rule 4001(d)(1)(C), or, if applicable, in accordance with any other order of this Court limiting notice and providing related procedures, and file a certificate of service with the Court.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

Prepared and submitted by:

*/s/ Jason Binford*
Jason Binford
State Bar No. 24045499
**Ross, Smith & Binford, PC**
2003 N. Lamar Blvd., Suite 100
Austin, TX 78705
Telephone: 512-351-4778
Facsimile: 214-377-9409
Email: jason.binford@rsbfirm.com

**PROPOSED COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION**

# EXHIBIT A

**6 to 9 Dental Texas, PLLC**
Cash Collateral Budget

|  | Budget October | Budget November | Budget December |
|---|---:|---:|---:|
| Receipts | 140,000 | 160,000 | 170,000 |
| **TOTAL RECEIPTS** | **140,000** | **160,000** | **170,000** |
|  |  |  |  |
| Payroll | (77,364) | (77,364) | (116,046) |
| Payroll - Dr Humphrey | (13,846) | (13,846) | (20,769) |
| Dental Lab & Supplies | (13,300) | (14,300) | (15,300) |
| Rent | (7,400) | (7,400) | (7,400) |
| Utilities | (1,100) | (1,100) | (1,100) |
| Repairs & Maintenance | (2,200) | (2,300) | (2,300) |
| Temp Labor | (2,700) | (3,700) | (3,700) |
| Employee Meals | (500) | (500) | (500) |
| Other Supplies | (500) | (500) | (500) |
| Information Technology | (680) | (680) | (680) |
| Marketing and Advertising | (850) | (700) | (700) |
| Insurance | (800) | (800) | (800) |
| Merchant Processing Charges | (2,500) | (2,500) | (2,500) |
| Postage | (750) | (750) | (750) |
| Other Expenses | (1,000) | (1,000) | (1,000) |
| Equipment & Other Capex | (8,700) | - | - |
| **TOTAL OPERATING DISBURSEMENTS** | **(134,190)** | **(127,440)** | **(174,045)** |
|  |  |  |  |
| **NET OPERATING CASH FLOW** | **5,810** | **32,560** | **(4,045)** |
|  |  |  |  |
| Debtor's Professional Fees | (2,500) | (2,500) | (5,000) |
| Subchapter V Trustee | (2,000) | (1,000) | (1,000) |
| Adequate Assurance Deposits - Utilities | - | - | - |
| First Savings Bank | (1,992) | (1,992) | (1,992) |
| Amegy Bank/Practice Pathways/Zion | - | - | - |
| Bay First Financial | - | - | - |
| **TOTAL NON-OPERATING DISBURSEMENTS** | **(6,492)** | **(5,492)** | **(7,992)** |
|  |  |  |  |
| **TOTAL CASH FLOW** | **(682)** | **27,068** | **(12,037)** |